**JUDGE FURMAN**

**13 CV 3057**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

VERONICA JOHNSON and
V. J., a minor by m/n/g
VERONICA JOHNSON,

<div align="right">

**NOTICE OF REMOVAL**

</div>

Plaintiffs,     Case No. 13 Civ. 3057 (JMF)

ECF Case

-against-

THE CITY OF NEW YORK, NEW YORK CITY
ADMINISTRATION FOR CHILDREN'S SERVICES,
NICOLA MARTIN, FALARASHA JAMES-HAMMOND,
"JANE" ESTRELLA, DETECTIVE "JANE" BROWN,
AND "JOHN DOE 1-10,"

Defendants.

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

RECEIVED
MAY - 6 2013
U.S.D.C. S.D. N.Y.
CASHIERS

**TO:     THE UNITED STATES DISTRICT COURT,
        SOUTHERN DISTRICT OF NEW YORK**

Defendants the City of New York and New York City Administration for

Children's Services ("ACS") by and through their attorney, Michael A. Cardozo, Corporation

Counsel of the City of New York,[1] respectfully show this Court as follows:

1.     On or about April 15, 2013, the New York City Law Department, Office

of the Corporation Counsel, received a Summons and Complaint in the above-entitled action,

filed in the Supreme Court of the State of New York, County of Bronx, under Index No.

21007/2013E, naming the above captioned Defendants as parties in this proceeding.  A copy of

Plaintiffs' Summons and Complaint is annexed hereto as Exhibit "A."

---

[1] It is anticipated that this office will also represent Defendants Nicola Martin and Falarasha
James-Hammond.  However, it is not yet known whether these individuals were properly joined
and served in this action.  Also, final representation decisions are still pending.

2.     The above-captioned action is a civil action of which the District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, in that it alleges a claim which arises under the Constitution and laws of the United States. This action is therefore removable to the District Court without regard to the citizenship or residence of the parties, pursuant to 28 U.S.C. § 1441(b).

3.     Plaintiffs bring this lawsuit claiming, inter alia, that Defendants have violated the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and seek relief pursuant to 28 U.S.C. §2201, and 42 U.S.C. §§1981, 1983, 1985, 1986, and 1988. See Exhibit "A" ¶¶ 2, 97-179.

4.     This Notice of Removal is timely because it is being filed within thirty days (30) days of receipt of the initial pleading placing Defendants on notice of Plaintiffs' federal claims. See 28 U.S.C. § 1446(b).

5.     Defendants City of New York and ACS consent to removal of this action.

6.     Defendant City of New York will promptly file a copy of this Notice of Removal with the Clerk of the state court in which the action has been pending.

**WHEREFORE**, Defendants respectfully request that the above-entitled action be removed from the Supreme Court of the State of New York, County of Bronx, to the United States District Court for the Southern District of New York.

Dated:      New York, New York
              May 6, 2013

<div style="margin-left:40%">

MICHAEL A. CARDOZO
Corporation Counsel of the
 City of New York
Attorney for Defendants City of New York and
New York City Administration For Children's
Services
100 Church Street, Room 2-173
New York, New York  10007
(212) 788-0860
eedmonds@law.nyc.gov

By:    *Elizabeth Edmonds*

       ELIZABETH EDMONDS
       Assistant Corporation Counsel

</div>

TO:        Steve Marchelos, Esq.
           *Attorney for Plaintiffs*
           Marchelos Law PC
           87 Mineola Boulevard
           Mineola, New York 11501

## DECLARATION OF SERVICE

**ELIZABETH EDMONDS**, an attorney admitted to practice before the Courts of the State of New York, affirms, pursuant to the penalties of perjury, that:

1.     I am not a party to the above-captioned proceeding.

2.     I am employed by the New York City Law Department.

3.     On May 6, 2013, I caused the annexed Notice of Removal to Federal Court to be deposited in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the U.S. Postal Service, upon petitioner at the address set forth below, this being the address that the party has designated for such service.

> Steve Marchelos, Esq.
> *Attorney for Plaintiffs*
> Marchelos Law PC
> 87 Mineola Boulevard
> Mineola, New York 11501

Dated:     New York, New York
           May 6, 2013

                                        ELIZABETH EDMONDS

# EXHIBIT A

FILED: BRONX COUNTY CLERK 03/18/2013

NYSCEF DOC. NO. 1

INDEX NO. 21007/2013E

RECEIVED NYSCEF: 03/18/2013

2013-014609

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------X
VERONICA JOHNSON and V.J., a minor, by
m/n/g VERONICA JOHNSON,
Plaintiffs,

   -against-

THE CITY OF NEW YORK, NEW YORK CITY
ADMINISTRATION FOR CHILDREN'S SERVICES,
NICOLA MARTIN, FALARASHA JAMES-HAMMOND,
"JANE" ESTRELLA, first name unknown but
believed to be a supervisor with the New
York City Administration for Children's
Services, DETECTIVE "JANE" BROWN first
name unknown, but believed to be a police
detective from the 41st Police Precinct,
and "JOHN DOE 1-10" names unknown but
believed to be employees and supervisors
of the New York City Administration for
Children's Services and Police officers
with the City of New York;
Defendants.
------------------------------------X

**SUMMONS**

Plaintiff designates
BRONX COUNTY as the
place of trial.

The basis of venue is:
County of Occurrence
pursuant to CPLR
504(3)

Plaintiff resides at
785 Cortlandt Avenue
Bronx, NY 10451

## To the above named Defendants:

    **You are hereby summoned** to answer the complaint in this
action, and to serve a copy of your answer, or, if the complaint
is not served with this summons, to serve a notice of appearance
on the Plaintiff's attorneys within twenty days after the service
of this summons, exclusive of the day of service, where service
is made by delivery upon you personally within the state, or,
within 30 days after completion of service where service is made
in any other manner. In case of your failure to appear or
answer, judgment will be taken against you by default for the
relief demanded in the complaint.

Dated:    MINEOLA, NEW YORK
         March 18, 2013

                       Steve Marchelos
                       MARCHELOS LAW PC
                       Attorneys for Plaintiff(s)
                       87 Mineola Boulevard
                       Mineola, New York 11501

(516) 248-0202

TO:

CITY OF NEW YORK
100 Church Street, New York, NY 10007

NICOLA MARTIN
150 William Street, New York, NY 10038
2501 Grand Concourse, 4th Floor Bronx, N.Y. 10468

FALARASHA JAMES-HAMMOND,
150 William Street, New York, NY 10038
2501 Grand Concourse, 4th Floor Bronx, N.Y. 10468

"JANE" ESTRELLA, first name unknown but believed to be a
supervisor with the New York City Administration for Children's
Services,
150 William Street, New York, NY 10038
2501 Grand Concourse, 4th Floor Bronx, N.Y. 10468

DETECTIVE "JANE" BROWN
first name unknown, but believed to be a police detective from
the 41st Police Precinct,
1035 Longwood Ave., Bronx, NY, 10459

"JOHN DOE 1-10" names unknown but believed to be employees and
supervisors of the New York City Administration for Children's
Services and Police officers with the City of New York;

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------X
VERONICA JOHNSON and V.J., a minor, by
m/n/g VERONICA JOHNSON,
Plaintiffs,

    -against-

THE CITY OF NEW YORK, NEW YORK CITY
ADMINISTRATION FOR CHILDREN'S SERVICES,
NICOLA MARTIN, FALARASHA JAMES-HAMMOND,
"JANE" ESTRELLA, first name unknown but
believed to be a supervisor with the New
York City Administration for Children's
Services, DETECTIVE "JANE" BROWN first name
unknown, but believed to be a police
detective from the 41st Police Precinct, and
"JOHN DOE 1-10" names unknown but believed
to be employees and supervisors of the New
York City Administration for Children's
Services and Police officers with the City
of New York;
Defendants.
----------------------------------------X

                                         **VERIFIED**
                                         **COMPLAINT**

                                         Index No:

    VERONICA JOHNSON and V.J., a minor, by m/n/g VERONICA

JOHNSON, by their attorneys, MARCHELOS LAW P.C, allege the

following, upon information and belief, as to their Complaint:

### NATURE OF THE ACTION

    1.    This civil rights action arises from the unlawful and

unconstitutional removal of the infant plaintiff, V.J., from the

custody of her mother, plaintiff Veronica Johnson, and the

subsequent prosecution of the mother for abuse and neglect in the

New York City Family Court by defendants, all of which prevented

the plaintiffs from living together as a family unit, all of

which commenced on or about March 19, 2010 and continued through

April 9, 2010 when custody of the child was restored to the

mother and then finally through March 16, 2011 when all charges in the Family Court were dismissed without condition;

2.    Plaintiffs seek declaratory relief pursuant to Article 30 of the CPLR and 28 U.S.C. §2201, compensatory and punitive damages for violation of their civil rights actionable pursuant to 42 U.S.C. §§1981, 1983, 1985 and 1986, compensatory damages, and an award of costs, disbursements and attorneys fees pursuant to 42 U.S.C. §1988;

## VENUE

3.    That Venue for this action is placed in the County of Bronx because that is the county of occurrence of the acts alleged herein pursuant to CPLR 504(3);

## PARTIES

4.    Plaintiff, VERONICA JOHNSON is a resident of the State of New York, County of Bronx;

5.    The infant Plaintiff, V.J., is the minor daughter of plaintiff, VERONICA JOHNSON, and is a resident of the State of New York, County of Bronx[1];

6.    Defendant, THE CITY OF NEW YORK is a municipal corporation duly authorized and existing under and by virtue of the laws of the State of New York;

7.    Defendant, NEW YORK CITY ADMINISTRATION FOR CHILDREN'S

---

The infant plaintiff's initials are being used to protect her identity due to the nature of the allegations in the complaint;

2

SERVICES is an agency of the defendant City of New York;

8.    At all times relevant, defendant DETECTIVE "JANE" BROWN, a police detective who's first name is unknown but is believed to be with the Bronx Special Victim's Unit, was and remains a resident of the State of New York;

9.    At all times relevant, defendant the CITY OF NEW YORK employed the individual defendant, DETECTIVE "JANE" BROWN, of the Bronx Special Victims Unit;

10.    At all times relevant, defendant, DETECTIVE "JANE" BROWN was a duly appointed and acting detective with the defendant, CITY OF NEW YORK;

11.    At all times relevant, defendant, NICOLA MARTIN , was and continues to be a resident of the State of New York;

12.    At all times relevant, defendant, FALARASHA JAMES-HAMMOND, was and continues to be a resident of the State of New York;

13.    At all times relevant, defendant, "JANE" ESTRELLA, first name unknown, but believed to be a supervisor with the New York City Administration for Children's Services, was and continues to be a resident of the State of New York;

14.    At all times relevant hereto, defendants, THE CITY OF NEW YORK and NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES employed the individual defendant, NICOLA MARTIN;

15.    At all times relevant hereto, defendants, THE CITY OF

3

NEW YORK and NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES
employed the individual defendant, FALARASHA JAMES-HAMMOND;

16.    At all times relevant hereto, defendants, THE CITY OF
NEW YORK and NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES
employed the individual defendant, "JANE" ESTRELLA;

17.    At all times relevant hereto, defendants "JOHN DOE 1-
10" are presently unknown employees of defendant, CITY OF NEW
YORK, NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES and
the New York City Police Department, who were involved in the
investigation, authorization and supervision of the abuse and
neglect petition brought against plaintiff, as well as the
removal of the infant plaintiff and placement in foster care;

18.    At all times relevant, the individual defendants were
acting in their individual and official capacities as employees
of THE CITY OF NEW YORK.  Notwithstanding their unconstitutional
and unlawful conduct, the actions of these individual defendants
were undertaken in the course of their duties and were incidental
to their otherwise lawful functions as an agents, servants and
employees of THE CITY OF NEW YORK;

19.    That at all times relevant, the individual defendants
were acting under color of State Law;

### FACTS UNDERLYING PLAINTIFFS' CLAIMS FOR RELIEF

20.    Plaintiffs repeat, reiterate and reallege each and
every allegation contained in the preceding paragraphs as if set

4

forth more fully at length herein;

21.     That on or about March 19, 2010 plaintiff, Veronica Johnson picked up her daughter, plaintiff, V.J., at her after school program at P.S. 385 in the Bronx;

22.     That at this time, plaintiff, Veronica Johnson, was told by the Assistant Principal Elson that her daughter had a "good day, today."  Also present at the time of pick up were other teachers and officials from the after school program;

23.     At no time did these school officials ever speak to plaintiff, VERONICA JOHNSON, about an incident at the school involving her daughter, V.J.;

24.     That plaintiff returned to her home with her daughter at around 6:20 p.m.;

25.     That on or about March 19, 2010, at approximately 6:45 p.m., defendant, Nicola Martin and an assistant, arrived at plaintiff's home and told plaintiff that she just received a call from a school official stating that plaintiff's daughter was touched inappropriately by a boy in the school;

26.     Because defendant Martin did not show plaintiff her identification, plaintiff would not let her in the house;

27.     Later on in the evening of March 19, 2010, defendant, Martin, returned to the plaintiff's residence with 2 police officers employed by defendant, City of New York;

28.     That defendant, Martin, woke the minor plaintiff,

5

V.J., from her bed;

29.    That plaintiff, Veronica Johnson, later learned that the police officers were also searching her home for pornographic videos and/or magazines, a search that revealed nothing;

30.    That on March 19, 2010, both plaintiffs, Veronica Johnson, and her daughter, V.J., were taken to the 41st police precinct located at 1035 Longwood Avenue, Bronx, New York;

31.    That plaintiff, VERONICA JOHNSON, and her daughter, V.J., were brought to the police precinct at approximately 9:00 p.m.;

32.    That the minor plaintiff, V.J., was separated from plaintiff, Veronica Johnson, by defendants, Detective Brown and Martin, for questioning;

33.    That plaintiff and her daughter remained segregated at the precinct overnight through 4:00 a.m., the next morning, March 20, 2010;

34.    That at one point in time, defendant, Detective Brown, stated that they could not find out what happened at the school from the child, Plaintiff, V.J., so they were going to assume that an incident occurred at the home;

35.    That on March 20, 2010, at 4:00 a.m., the minor plaintiff, V.J., was removed from the care and custody of plaintiff, VERONICA JOHNSON, by defendants, Martin and Brown;

36.    That plaintiff, VERONICA JOHNSON, was advised by

6

defendant, Martin, that she had received allegations from her daughter's school that a relative of plaintiff, VERONICA JOHNSON, had sexually abused plaintiff, V.J.;

37.    That plaintiff, V.J., never made these allegations to anybody at the school or anywhere else;

38.    That plaintiff, VERONICA JOHNSON, denied the allegations;

39.    That the school that plaintiff, V.J., attended denied ever making this statement to defendant Brown.  In fact, a few days after the removal, Assistant Principal Elson, called defendant, Martin to find out who from the school would make such a report and not advise him about the incident.  Elson was told that Martin was on vacation;

40.    That these allegations were never corroborated, confirmed or investigated by defendants, Martin, James-Hammond, Brown, Estrella or any of the "John Doe" defendants;

41.    That it was later revealed that the complaint was initiated by an individual at the school who did not exist;

42.    That at no time prior to or subsequent to the removal did any of the individual defendants attempt to meet with this "individual;"

43.    That the plaintiff, V.J., was brought to the Edwin Gould Foster Care agency for placement in a foster home;

44.    That on or about March 24, 2010, a petition was filed

7

with the Family Court, Bronx County, alleging allegations of abuse and neglect against the plaintiff, Veronica Johnson;

45.    That ths petition was verified by defendant, Martin;

46.    That, upon information and belief, the filing of this petition was approved by defendants, James-Hammond and Estrella;

47.    That, in sum and substance, these allegations charged plaintiff, VERONICA JOHNSON, with (1) failing to take appropriate action to prevent her child from being sexually abused by a relative; (2) watching pornographic movies with the minor child; (3) with smoking marijuana; and (4) educational neglect due to school tardiness;

48.    That each of these allegations were false;

49.    That, upon information and belief, defendants did not verify nor investigate these allegations;

50.    That, upon information and belief, defendants could not produce any evidence supporting these allegations;

51.    That upon information and belief, defendants, James-Hammond and Estrella and "John Doe 1-10" reviewed and approved the basis of defendant Martin's removal despite the lack of investigation, the lack of probable or reasonable cause or evidence to support the removal;

52.    That the Administration for Children's Services has a custom and practice of removing children from their custodial parent and lawful guardian without Court order, without

8

investigation and absent circumstances tending to show that a child is in imminent danger or that the health safety or welfare of a child is in danger of harm or imminent danger of harm;

53.    That the plaintiff, V.J., was placed into non-familial foster care setting notwithstanding the fact that family foster care was available;

54.    That this non-familial placement of plaintiff, V.J., was also reviewed and approved by defendants, James-Hammond, Estrella and "John Doe 1-10;"

55.    That plaintiff, V.J., was placed in a foster care environment from March 20, 2010 through April 9, 2010;

56.    That plaintiff, V.J., was involuntarily removed from plaintiff's custody and care from March 20, 2010 to April 9, 2010;

57.    That plaintiff, V.J., was not provided with sufficient or healthy nourishment while in foster care;

58.    That plaintiff, V.J., was not regularly bathed or cleaned while in foster care;

59.    That plaintiff, V.J., was not taken to school while in foster care;

60.    That plaintiff, V.J., was not permitted to call her mother while in Foster care;

61.    That the only contact plaintiff, VERONICA JOHNSON, had with her daughter, plaintiff, V.J., was supervised visits 2

9

times per week for 2-3 hours per visit;

62.    That plaintiff, V.J., was caused to have hot coffee spilled on her while in foster care;

63.    That on April 9, 2010, defendant, Martin recanted the allegations contained in the abuse petition and advised the Family Court that she did not believe anything happened to the child;

64.    That on April 9, 2010, as a result of this recantation, the minor plaintiff, V.J., was returned to the care and custody of her mother, plaintiff, Veronica Johnson;

65.    That despite the recantation of defendant, Martin, plaintiff, Veronica Johnson, continued to be prosecuted in Family Court for Abuse and Neglect by defendants at the instruction and direction of defendants James-Hammond, Estrella and "John Doe 1-10;"

66.    That the Administration for Children's Services has a policy, custom and practice of continuing the prosecution of abuse and neglect proceedings in Family Court, notwithstanding the existence of exculpatory evidence negating the reason for the initial removal and filing of the petition;

67.    That there was no basis to continue the prosecution of the abuse and neglect proceeding once defendant, Brown, recanted the false and unsubstantiated allegations;

68.    That as a condition for the parole of her daughter,

10

plaintiff, V.J., to her care and custody, plaintiff, Veronica Johnson, was forced to undergo counseling and drug testing and to attend meetings with preventive services, weekly;

69.    That plaintiff, Veronica Johnson, did not use drugs, did not need to be drug tested and did not need to undergo counseling or attending meetings with preventive services;

70.    That on or about June 22, 2010, defendant, Martin, misrepresented to the Court the number of times plaintiff, VERONICA JOHNSON, was drug tested in connection with this matter. She stated that plaintiff was drug tested only twice in that 3 month span when in fact plaintiff was drug tested approximately 9 times during that time frame.  In all instances, plaintiff passed each drug test;

71.    That during the pendency of the case, defendant, Martin would fail to show up at plaintiff's home for inspections causing plaintiff to miss work and causing the minor plaintiff to miss school;

72.    That on or about July 2, 2010, the Family Court Judge modified plaintiff's condition for parole of the child by rescinding the order for mental health counseling and drug tests;

73.    That on or about November 8, 2010, despite the aforementioned recantation by defendants and the rescission of parole conditions by the Court, the individual defendants still refused to withdraw the abuse and neglect petition that was

11

pending against plaintiff in Family Court;

74.    Instead, despite any proof supporting the neglect and abuse petitions, defendants insisted that plaintiff agree to an ACD of the proceedings;

75.    That on or about November 8, 2010, plaintiff, Veronica Johnson, refused to accept an ACD of the proceedings because she simply did nothing to warrant the charges of abuse and neglect presented against her;

76.    That on March 16, 2011, all charges in the abuse and neglect petition were dismissed against plaintiff, Veronica Johnson;

77.    That the removal and prosecution of the Family Court petition was performed by the individual defendants without reasonable cause to believe that plaintiff, VERONICA JOHNSON, was an abusive or neglectful parent;

78.    That the removal and prosecution of the Family Court petition was performed by the individual defendants with intentional or reckless disregard for the facts and/or a callous and deliberate indifference to the truth;

79:    That the removal and prosecution of the Family Court petition was performed by the individual defendants pursuant to a policy, custom and practice existing within the New York City Administration of Children's Services to remove and file without proper investigation, to investigate subsequent to the removal

12

and filing and to continue the prosecution notwithstanding the existence of clear evidence exonerating the respondent parent solely for the purpose of compelling the respondent parent to accept a bargained for agreement to conclude the proceedings;

80.    That as a result of the foregoing, plaintiff, Veronica Johnson, was forced to live separate and apart from her daughter, minor plaintiff, V.J. for a period of 20 days;

81.    That as a result of the foregoing, the minor plaintiff, V.J., was forced to be separated from the care custody and company of her mother for a period of 20 days;

82.    That as a result of the foregoing, the minor plaintiff, V.J., was forced to live in difficult and unsanitary conditions while in foster care;

83.    That as a result of the foregoing, and up through the final dismissal of the Family Court Petition on March 16, 2011, the plaintiffs were forced to live under the constant threat of future separation, interference with their family life and unannounced inspections by the individual defendants;

84.    That on or about March 20, 2010 through March 16, 2011, the individual defendants caused plaintiff to be maliciously prosecuted for abuse and neglect in the Family Court of Bronx County;

85.    That during the course of the prosecution of the plaintiff, VERONICA JOHNSON, defendants could not prove that the

13

minor plaintiff, V.J., was abused or neglected;

86.    That defendants willfully, intentionally and maliciously continued to prosecute the plaintiff, notwithstanding the absence of evidence in support of the charges proffered against plaintiff;

87.    That there was no reasonable basis or probable cause to prosecute the plaintiff, VERONICA JOHNSON, for abuse or neglect;

88.    Plaintiff, VERONICA JOHNSON, was forced to make numerous appearances in Family court in defense to these false abuse and neglect charges;

89.    That plaintiffs sustained great fear, emotional harm, disgrace, embarrassment, anxiety, stress, fear and loss of self esteem as a result of the aforesaid arrest, imprisonment, intimidation and assaultive behavior she experienced as a result of the afore-referenced events;

90.    That plaintiff, VERONICA JOHNSON, suffered from a loss of liberty and deprivation of civil rights protected by the United States and New York State Constitution including, but not limited to the right to be free from unreasonable seizures and the full and unabridged right to live together as a family, free from governmental interference, as a result of the afore-referenced events;

91.    That Plaintiff, VERONICA JOHNSON, was deprived of the

14

love, companionship, company, association, communication and custody of her daughter as a result of the afore-referenced events;

92.    Plaintiff, VERONICA JOHNSON, was denigrated by being listed in the New York State Child Abuse and Maltreatment Register for acts which she did not commit;

93.    That Plaintiff, V.J., suffered from a loss of liberty and deprivation of civil rights protected by the United States and New York State Constitution including, but not limited to the full and unabridged right to live together with her mother as a family, free from governmental interference, as a result of the afore-referenced events;

94.    That Plaintiff, V.J., was deprived of the love, nurturing, companionship, company, association, communication and custody of her mother as a result of the afore-referenced events;

95.    As a result of the acts stated above, plaintiffs have suffered serious emotional harm, a deprivation of liberty without probable cause, denial of substantive and procedural due process, invasion of privacy, pain, suffering, anxiety, depression, embarrassment, lost of esteem, a loss of enjoyment of life, a violation of their right to live as a family unit including the loss of custody, companionship, society and care they provided to each other, anxiety, mental distress, damage to character, self esteem and reputation and plaintiffs will continue to suffer same

15

in the future;

96.    Plaintiffs continue to live and function in fear that they will be separated by defendants again;

> **FIRST CAUSE OF ACTION FOR VIOLATION OF PLAINTIFFS' SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS TO LIVE TOGETHER AS A FAMILY, FREE FROM GOVERNMENTAL INTERFERENCE, AS PROTECTED BY THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION PREDICATED UPON THE UNLAWFUL REMOVAL OF THE INFANT PLAINTIFF FROM HER MOTHER, PLAINTIFF, VERONICA JOHNSON**

97.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein;

98.    As a result of the afore-described actions, in particular, the removal of the infant plaintiff on or about March 20, 2010 through April 9, 2010, the defendants, acting jointly, individually and/or vicariously, by and through their agents, servants and/or employees, deprived plaintiffs of their substantive right and liberty interest to reside together as a family unit, protected by the 14th Amendment of the United States Constitution and are actionable under and pursuant to 42 U.S.C. Sections 1981, 1983, 1985, 1986, 1988;

99.    As a result of the afore-described actions, in particular the removal of the infant plaintiff on or about March 20, 2010 through April 9, 2010, the defendants, acting jointly, individually and/or vicariously by and through their agents,

servants and/or employees, deprived plaintiffs of their rights, privileges and immunities secured by the Constitution and laws of the United States including, but not limited to, plaintiff's right to be free and secure in their person, houses and effects from unreasonable seizures except on probable cause, protected by the 4th Amendment of the United States Constitution and are actionable under and pursuant to 42 U.S.C. Sections 1981, 1983, 1985, 1986, 1988;

100.    As a result of the afore-described actions, in particular, the removal of the infant plaintiff on or about March 20, 2010 through April 9, 2010, the defendants, acting jointly, individually and/or vicariously by and through their agents, servants and/or employees, deprived plaintiffs of their unabridged right to the privileges and immunities of citizens of the United States, including plaintiffs' right to life, liberty and property, protected by the 14th Amendment of the United States Constitution and are actionable under and pursuant to 42 U.S.C. Sections 1981, 1983, 1985, 1986, 1988;

101.    As a result of the afore-described actions, in particular, the removal of the infant plaintiff on or about March 20, 2010 through April 9, 2010, the defendants, acting jointly, individually and/or vicariously by and through their agents, servants and/or employees, deprived plaintiffs of their rights to equal protection under the law, protected by the 14th Amendment

17

of the United States Constitution and are actionable under and
pursuant to 42 U.S.C. Sections 1981, 1983, 1985, 1986, 1988;

102.    The afore-described acts of defendants were
intentional, willful, malicious and/or grossly negligent and
performed with reckless disregard for and deliberate indifference
to plaintiffs' rights;

103.    The afore-described acts of defendants were
performed under color of state law;

104.    As a result of the acts stated above, plaintiffs
have suffered serious emotional harm, a deprivation of liberty
without probable cause, denial of substantive and procedural due
process, invasion of privacy, pain, suffering, anxiety,
depression, embarrassment, lost of esteem, a loss of enjoyment of
life, a violation of their right to live as a family unit
including the loss of custody, companionship, society and care
they provided to each other, anxiety, mental distress, damage to
character, self esteem and reputation and plaintiffs will
continue to suffer same in the future;

105.    As a result of the foregoing, plaintiffs have been
damaged;

> SECOND CAUSE OF ACTION FOR VIOLATION OF
> PLAINTIFF'S RIGHT TO BE FREE FROM
> UNREASONABLE SEARCHES AND SEIZURES UNDER THE
> FOURTH AND FOURTEENTH AMENDMENTS TO THE
> UNITED STATES CONSTITUTION PREDICATED UPON
> THE MALICIOUS PROSECUTION BY AND THROUGH THE
> INITIATION OF THE ABUSE AND NEGLECT PETITION

18

WITHOUT PROBABLE CAUSE

106.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein;

107.    As a result of the afore-described actions, in particular, the initiation of the prosecution of the abuse and neglect petition without probable cause, the defendants, acting jointly, individually and/or vicariously by and through their agents, servants and/or employees, deprived plaintiff, VERONICA JOHNSON, of the rights, privileges and immunities secured by the Constitution and laws of the United States including, but not limited to, plaintiff's right to be free and secure in her person, houses and effects from unreasonable seizures except on probable cause, protected by the 4th Amendment of the United States Constitution and are actionable under and pursuant to 42 U.S.C. Sections 1981, 1983, 1985, 1986, 1988;

108.    As a result of the afore-described actions, in particular, the initiation of the prosecution of the abuse and neglect petition without probable cause, the defendants, acting jointly, deprived plaintiff, VERONICA JOHNSON, of her unabridged right to the privileges and immunities of citizens of the United States, including plaintiff's right to life, liberty and property, protected by the 14th Amendment of the United States Constitution and are actionable under and pursuant to 42 U.S.C.

19

Sections 1981, 1983, 1985, 1986, 1988;

109.    As a result of the afore-described actions, in particular, the initiation of the prosecution of the abuse and neglect petition without probable cause, the defendants, acting jointly, deprived plaintiff, VERONICA JOHNSON, of her right to equal protection under the law protected by the 14th Amendment of the United States Constitution and are actionable under and pursuant to 42 U.S.C. Sections 1981, 1983, 1985, 1986, 1988;

110.    As a result of the afore-described actions, defendants, acting jointly, individually and/or vicariously by and through their agents, servants and/or employees, initiated and commenced an abuse and neglect petition against plaintiff, VERONICA JOHNSON, without just or probable cause and with malice;

111.    That the prosecution ended with a dismissal of all charges against the plaintiff, VERONICA JOHNSON.  That this dismissal constitutes a favorable determination on the merits;

112.    The afore-described acts of defendants were intentional, willful, malicious and/or grossly negligent and performed with reckless disregard for and deliberate indifference to plaintiff's rights;

113.    The afore-described acts of defendants were performed under color of state law;

114.    As a result of the acts stated above, plaintiffs have suffered serious emotional harm, a deprivation of liberty

without probable cause, denial of substantive and procedural due process, invasion of privacy, pain, suffering, anxiety, depression, embarrassment, lost of esteem, a loss of enjoyment of life, a violation of their right to live as a family unit including the loss of custody, companionship, society and care they provided to each other, anxiety, mental distress, damage to character, self esteem and reputation and plaintiffs will continue to suffer same in the future;

115.    As a result of the foregoing, plaintiff, VERONICA JOHNSON, has been damaged;

> **THIRD CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION PREDICATED UPON MALICIOUS PROSECUTION BY AND THROUGH THE CONTINUATION OF THE ABUSE AND NEGLECT PETITION AFTER RECANTATION BY DEFENDANT, NICHOLA MARTIN**

116.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein;

117.    As a result of the afore-described actions, in particular, the continuation of the abuse and neglect petition after the recantation by defendant, Martin, the defendants, acting jointly, individually and/or vicariously by and through their agents, servants and/or employees, deprived plaintiff, VERONICA JOHNSON, of the rights, privileges and immunities

21

secured by the Constitution and laws of the United States including, but not limited to, plaintiff's right to be free and secure in her person, houses and effects from unreasonable seizures except on probable cause, protected by the 4th Amendment of the United States Constitution and are actionable under and pursuant to 42 U.S.C. Sections 1981, 1983, 1985, 1986, 1988;

118.    As a result of the afore-described actions, in particular, the continuation of the abuse and neglect petition after the recantation by defendant, Martin, the defendants, acting jointly, deprived plaintiff, VERONICA JOHNSON, of her unabridged right to the privileges and immunities of citizens of the United States, including plaintiff's right to life, liberty and property, protected by the 14th Amendment of the United States Constitution and are actionable under and pursuant to 42 U.S.C. Sections 1981, 1983, 1985, 1986, 1988;

119.    As a result of the afore-described actions, in particular, the continuation of the abuse and neglect petition after the recantation by defendant, Martin, the defendants, acting jointly, deprived plaintiff, VERONICA JOHNSON, of her right to equal protection under the law protected by the 14th Amendment of the United States Constitution and are actionable under and pursuant to 42 U.S.C. Sections 1981, 1983, 1985, 1986, 1988;

120.    As a result of the afore-described actions,

22

defendants, acting jointly, individually and/or vicariously by and through their agents, servants and/or employees, continued the abuse and neglect petition after the recantation by defendant, Martin, against plaintiff, VERONICA JOHNSON, without just or probable cause and with malice;

121.    That the prosecution ended with a dismissal of all charges against the plaintiff, VERONICA JOHNSON. That this dismissal constitutes a favorable determination on the merits;

122.    The afore-described acts of defendants were intentional, willful, malicious and/or grossly negligent and performed with reckless disregard for and deliberate indifference to plaintiff's rights;

123.    The afore-described acts of defendants were performed under color of state law;

124.    As a result of the acts stated above, plaintiffs have suffered serious emotional harm, a deprivation of liberty without probable cause, denial of substantive and procedural due process, invasion of privacy, pain, suffering, anxiety, depression, embarrassment, lost of esteem, a loss of enjoyment of life, a violation of their right to live as a family unit including the loss of custody, companionship, society and care they provided to each other, anxiety, mental distress, damage to character, self esteem and reputation and plaintiffs will continue to suffer same in the future;

23

125.    As a result of the foregoing, plaintiff, VERONICA JOHNSON, has been damaged;

FOURTH CAUSE OF ACTION FOR VIOLATION OF
PLAINTIFFS' RIGHTS TO BE FREE FROM
UNREASONABLE SEARCH AND SEIZURE, AS PROTECTED
BY THE FOURTH AND FOURTEENTH AMENDMENTS OF
THE UNITED STATES CONSTITUTION PREDICATED
UPON THE UNLAWFUL REMOVAL OF THE INFANT
PLAINTIFF FROM HER MOTHER, PLAINTIFF,
VERONICA JOHNSON

126.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein;

127.    As a result of the afore-described actions, in particular the removal of the infant plaintiff on or about March 20, 2010 through April 9, 2010, the defendants, acting jointly, individually and/or vicariously by and through their agents, servants and/or employees, deprived plaintiffs of their rights, privileges and immunities secured by the Constitution and laws of the United States including, but not limited to, plaintiff's right to be free and secure in their person, houses and effects from unreasonable seizures except on probable cause, protected by the 4th and 14th Amendments to the United States Constitution and are actionable under and pursuant to 42 U.S.C. Sections 1981, 1983, 1985, 1986, 1988;

128.    The afore-described acts of defendants were intentional, willful, malicious and/or grossly negligent and

24

performed with reckless disregard for and deliberate indifference to plaintiffs' rights;

129.    The afore-described acts of defendants were performed under color of state law;

As a result of the acts stated above, plaintiffs have suffered serious emotional harm, a deprivation of liberty without probable cause, denial of substantive and procedural due process, invasion of privacy, pain, suffering, anxiety, depression, embarrassment, lost of esteem, a loss of enjoyment of life, a violation of their right to live as a family unit including the loss of custody, companionship, society and care they provided to each other, anxiety, mental distress, damage to character, self esteem and reputation and plaintiffs will continue to suffer same in the future;

130.    As a result of the foregoing, plaintiffs have been damaged;

> **FIFTH CAUSE OF ACTION FOR VIOLATION OF PLAINTIFFS' SUBSTANTIVE AND PROCEDURAL RIGHTS TO LIVE TOGETHER AS A FAMILY, FREE FROM GOVERNMENTAL INTERFERENCE, AND TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE, UNDER THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION PREDICATED UPON DEFENDANT'S ADOPTION AND MAINTENANCE OF UNCONSTITUTIONAL CUSTOMS, POLICIES AND PRACTICES (MONELL)**

131.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs with the

25

same force and effect as if set forth more fully herein;

132.    As a result of the afore-described actions, the defendants, Brown, James-Hammond, Estrella and the City of New York acting jointly, individually and/or vicariously, by and through their agents, servants and/or employees, deprived plaintiffs of their civil rights by adopting a custom, policy and practice of (a) removing children from their custodial parent without verifying the validity of the source of the complaint of abuse or neglect against said parent, (b) removing children from their custodial parent without verifying whether the child was in imminent risk of harm, © removing children from their custodial parent before they investigate the facts surrounding the complaint of abuse or neglect against the parent, (d) refusing to withdraw and/or discontinue a neglect or abuse petition against a custodial parent subsequent to a recantation by the investigating agency;

133.    That this custom, policy and practice has been implemented by the policy making supervisors for these defendants as well as the named defendants, herein;

134.    That by adopting this custom, policy and practice, the Civil Rights of parents and their children, like plaintiffs herein, are being violated;

135.    That this custom, policy and practice is unconstitutional;

26

136.    That these defendants are aware that the standard for removal is that there must be an imminent risk of harm to the life, safety or health to a minor child;

137.    That as a result of this unconstitutional custom, policy and practice, the defendants, Brown, James-Hammond, Estrella and the City of New York acting jointly, individually and/or vicariously, by and through their agents, servants and/or employees, deprived the plaintiffs of their substantive and procedural due process right and liberty interest to reside together as a family unit, protected by the 14th Amendment of the United States Constitution and are actionable under and pursuant to 42 U.S.C. Sections 1981, 1983, 1985, 1986, 1988;

138.    That as a result of this unconstitutional custom, policy and practice, the defendants, Brown, James-Hammond, Estrella and the City of New York acting jointly, individually and/or vicariously, by and through their agents, servants and/or employees, deprived plaintiffs of their rights, privileges and immunities secured by the Constitution and laws of the United States including, but not limited to, plaintiff's right to be free and secure in their person, houses and effects from unreasonable seizures except on probable cause, protected by the 4th and 14th Amendments of the United States Constitution and are actionable under and pursuant to 42 U.S.C. Sections 1981, 1983, 1985, 1986, 1988;

27

139.    That as a result of this unconstitutional custom, policy and practice, the defendants, Brown, James-Hammond, Estrella and the City of New York acting jointly, individually and/or vicariously, by and through their agents, servants and/or employees, deprived plaintiffs of their unabridged right to the privileges and immunities of citizens of the United States, including plaintiffs' right to life, liberty and property, protected by the 14th Amendment of the United States Constitution and are actionable under and pursuant to 42 U.S.C. Sections 1981, 1983, 1985, 1986, 1988;

140.    That as a result of this unconstitutional custom, policy and practice, the defendants, Brown, James-Hammond, Estrella and the City of New York, acting jointly, individually and/or vicariously, by and through their agents, servants and/or employees, deprived plaintiff of their right to equal protection under the law, protected by the 14th Amendment of the United States Constitution and are actionable under and pursuant to 42 U.S.C. Sections 1981, 1983, 1985, 1986, 1988;

141.    The aforedescribed custom, policy and practice of these defendants were intentional, willful, malicious, baseless and/or performed with reckless disregard for and deliberate indifference to plaintiffs' rights;

142.    The afore-described acts of defendants were performed under color of state law;

28

143.    As a result of the acts stated above, plaintiffs have suffered serious emotional harm, a deprivation of liberty without probable cause, denial of substantive and procedural due process, invasion of privacy, pain, suffering, anxiety, depression, embarrassment, lost of esteem, a loss of enjoyment of life, a violation of their right to live as a family unit including the loss of custody, companionship, society and care they provided to each other, anxiety, mental distress, damage to character, self esteem and reputation and plaintiffs will continue to suffer same in the future;

144.    As a result of the foregoing, plaintiffs have been damaged;

**SIXTH CAUSE OF ACTION FOR VIOLATION OF PLAINTIFFS' SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS TO LIVE TOGETHER AS A FAMILY, FREE FROM GOVERNMENTAL INTERFERENCE, AS PROTECTED BY ARTICLE 1 OF THE NEW YORK STATE CONSTITUTION PREDICATED UPON THE UNLAWFUL REMOVAL OF THE INFANT PLAINTIFF FROM HER MOTHER, PLAINTIFF, VERONICA JOHNSON**

145.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein;

146.    As a result of the afore-described actions, in particular, the removal of the infant plaintiff on or about March 20, 2010 through April 9, 2010, 2006, the defendants, acting jointly, individually and/or vicariously by and through their

29

agents, servants and/or employees, deprived plaintiffs of their
substantive right and liberty interest to reside together as a
family unit, protected by Article I, Section 12 the New York
State Constitution;

147.    As a result of the afore-described actions, in
particular the removal of the infant plaintiff on or about March
20, 2010 through April 9, 2010, 2006, the defendants, acting
jointly, individually and/or vicariously by and through their
agents, servants and/or employees, deprived plaintiffs of their
rights, privileges and immunities secured by the Constitution and
laws of the United States including, but not limited to,
plaintiff's right to be free and secure in their person, houses
and effects from unreasonable seizures except on probable cause,
protected by Article I, Section 12 of the New York State
Constitution;

148.    As a result of the afore-described actions, in
particular, the removal of the infant plaintiff on or about March
20, 2010 through April 9, 2010, 2006, the defendants, acting
jointly, individually and/or vicariously by and through their
agents, servants and/or employees, deprived plaintiffs of their
unabridged right to the privileges and immunities of citizens of
the State of New York including plaintiffs' right to life,
liberty and property, protected by Article I Section 1 of the New
York State Constitution;

30

149.    As a result of the afore-described actions, in particular, the removal of the infant plaintiff on or about March 20, 2010 through April 9, 2010, 2006, the defendants, acting jointly, individually and/or vicariously by and through their agents, servants and/or employees, deprived plaintiffs of their rights to equal protection under the law, protected by Article I Section 11 of the New York State Constitution;

150.    The afore-described acts of defendants were intentional, willful, malicious and/or grossly negligent and performed with reckless disregard for and deliberate indifference to plaintiffs' rights;

151.    The afore-described acts of defendants were performed under color of state law;

152.    As a result of the acts stated above, plaintiffs have suffered serious emotional harm, a deprivation of liberty without probable cause, denial of substantive and procedural due process, invasion of privacy, pain, suffering, anxiety, depression, embarrassment, lost of esteem, a loss of enjoyment of life, a violation of their right to live as a family unit including the loss of custody, companionship, society and care they provided to each other, anxiety, mental distress, damage to character, self esteem and reputation and plaintiffs will continue to suffer same in the future;

153.    As a result of the foregoing, plaintiffs have been

damaged;

SEVENTH CAUSE OF ACTION FOR VIOLATION OF
PLAINTIFF'S RIGHT TO BE FREE FROM
UNREASONABLE SEARCHES AND SEIZURES UNDER
ARTICLE 1 OF THE NEW YORK STATE CONSTITUTION
PREDICATED UPON MALICIOUS PROSECUTION BY AND
THROUGH THE INITIATION OF THE ABUSE AND
NEGLECT PETITION WITHOUT PROBABLE CAUSE

154.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein;

155.    As a result of the afore-described actions, in particular the initiation of the prosecution of the abuse and neglect petition without probable cause, the defendants, acting jointly, individually and/or vicariously by and through their agents, servants and/or employees, deprived plaintiff, VERONICA JOHNSON, of her rights and privileges secured by the New York State Constitution including, but not limited to, plaintiff's right to be free and secure in their person, houses and effects from unreasonable seizures except on probable cause, protected by Article I, Section 12 of the New York State Constitution;

156.    As a result of the afore-described actions, in particular the initiation of the prosecution of the abuse and neglect petition without probable cause, the defendants, acting jointly, individually and/or vicariously by and through their agents, servants and/or employees, deprived plaintiff, VERONICA JOHNSON, of her unabridged right to the privileges of citizens of

32

the State of New York including plaintiff's right to life, liberty and property, protected by Article I Section 1 of the New York State Constitution;

157.    As a result of the afore-described actions, in particular the initiation of the prosecution of the abuse and neglect petition without probable cause, the defendants, acting jointly, deprived plaintiff, VERONICA JOHNSON, of her right to equal protection under the law protected by Article I, Section 11 of the New York State Constitution;

158.    As a result of the afore-described actions, defendants, acting jointly, individually and/or vicariously by and through their agents, servants and/or employees, initiated and commenced an abuse and neglect petition against plaintiff, VERONICA JOHNSON, without just or probable cause and with malice;

159.    That the prosecution ended with a dismissal of all charges against the plaintiff, VERONICA JOHNSON. That this dismissal constitutes a favorable determination on the merits;

160.    The afore-described acts of defendants were intentional, willful, malicious and/or grossly negligent and performed with reckless disregard for and deliberate indifference to plaintiff's rights;

161.    The afore-described acts of defendants were performed under color of state law;

162.    As a result of the acts stated above, plaintiffs

33

have suffered serious emotional harm, a deprivation of liberty without probable cause, denial of substantive and procedural due process, invasion of privacy, pain, suffering, anxiety, depression, embarrassment, lost of esteem, a loss of enjoyment of life, a violation of their right to live as a family unit including the loss of custody, companionship, society and care they provided to each other, anxiety, mental distress, damage to character, self esteem and reputation and plaintiffs will continue to suffer same in the future;

163.    As a result of the foregoing, plaintiff, VERONICA JOHNSON has been damaged;

> **EIGHTH CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER ARTICLE 1 OF THE NEW YORK STATE CONSTITUTION PREDICATED UPON MALICIOUS PROSECUTION BY AND THROUGH THE CONTINUATION OF THE ABUSE AND NEGLECT PETITION AFTER RECANTATION BY DEFENDANT NICHOLA MARTIN**

164.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein;

165.    As a result of the afore-described actions, in particular the continuation of the abuse and neglect petition after recantation by defendant, Martin, the defendants, acting jointly, individually and/or vicariously by and through their agents, servants and/or employees, deprived plaintiff, VERONICA

34

JOHNSON, of her rights and privileges secured by the New York
State Constitution including, but not limited to, plaintiff's
right to be free and secure in their person, houses and effects
from unreasonable seizures except on probable cause, protected by
Article I, Section 12 of the New York State Constitution;

166.    As a result of the afore-described actions, in
particular the continuation of the abuse and neglect petition
after recantation by defendant, Martin, the defendants, acting
jointly, individually and/or vicariously by and through their
agents, servants and/or employees, deprived plaintiff, VERONICA
JOHNSON, of her unabridged right to the privileges of citizens of
the State of New York including plaintiff's right to life,
liberty and property, protected by Article I Section 1 of the New
York State Constitution;

167.    As a result of the afore-described actions, in
particular the continuation of the abuse and neglect petition
after recantation by defendant, Martin, the defendants, acting
jointly, deprived plaintiff, VERONICA JOHNSON, of her right to
equal protection under the law protected by Article I, Section 11
of the New York State Constitution;

168.    As a result of the afore-described actions,
defendants, acting jointly, individually and/or vicariously by
and through their agents, servants and/or employees, continued
the abuse and neglect petition after the recantation by

35

defendant, Martin, against plaintiff, VERONICA JOHNSON, without just or probable cause and with malice;

169.    That the prosecution ended with a dismissal of all charges against the plaintiff, VERONICA JOHNSON.  That this dismissal constitutes a favorable determination on the merits;

170.    The afore-described acts of defendants were intentional, willful, malicious and/or grossly negligent and performed with reckless disregard for and deliberate indifference to plaintiff's rights;

171.    The afore-described acts of defendants were performed under color of state law;

172.    As a result of the acts stated above, plaintiffs have suffered serious emotional harm, a deprivation of liberty without probable cause, denial of substantive and procedural due process, invasion of privacy, pain, suffering, anxiety, depression, embarrassment, lost of esteem, a loss of enjoyment of life, a violation of their right to live as a family unit including the loss of custody, companionship, society and care they provided to each other, anxiety, mental distress, damage to character, self esteem and reputation and plaintiffs will continue to suffer same in the future;

173.    As a result of the foregoing, plaintiff, VERONICA JOHNSON has been damaged;

NINTH CAUSE OF ACTION FOR VIOLATION OF
PLAINTIFFS' RIGHT TO BE FREE FROM

36

UNREASONABLE SEARCHES AND SEIZURES UNDER
ARTICLE 1 OF THE NEW YORK STATE CONSTITUTION
PREDICATED UPON THE UNLAWFUL REMOVAL OF THE
INFANT PLAINTIFF FROM HER MOTHER, PLAINTIFF,
VERONICA JOHNSON

174.    Plaintiffs repeat, reiterate and reallege each and
every allegation contained in the preceding paragraphs with the
same force and effect as if set forth more fully herein;

175.    As a result of the afore-described actions, in
particular the removal of the infant plaintiff on or about March
20, 2010 through April 9, 2010, 2006, the defendants, acting
jointly, individually and/or vicariously by and through their
agents, servants and/or employees, deprived plaintiffs of their
rights, privileges and immunities secured by the Constitution and
laws of the United States including, but not limited to,
plaintiff's right to be free and secure in their person, houses
and effects from unreasonable seizures except on probable cause,
protected by Article I, Section 12 of the New York State
Constitution;

176.    The afore-described acts of defendants were
intentional, willful, malicious and/or grossly negligent and
performed with reckless disregard for and deliberate indifference
to plaintiffs' rights;

177.    The afore-described acts of defendants were
performed under color of state law;

178.    As a result of the acts stated above, plaintiffs

37

have suffered serious emotional harm, a deprivation of liberty without probable cause, denial of substantive and procedural due process, invasion of privacy, pain, suffering, anxiety, depression, embarrassment, lost of esteem, a loss of enjoyment of life, a violation of their right to live as a family unit including the loss of custody, companionship, society and care they provided to each other, anxiety, mental distress, damage to character, self esteem and reputation and plaintiffs will continue to suffer same in the future;

179.    As a result of the foregoing, plaintiffs have been damaged;

### TENTH CAUSE OF ACTION FOR PUNITIVE DAMAGES

180.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein;

181.    That the aforesaid occurrence and resulting injuries to plaintiffs were due to the willful, wanton, reckless and/or malicious conduct of the defendants, individually, jointly and/or vicariously by and through their agents, servants and/or employees;

182.    That the aforesaid occurrence and resulting injuries to plaintiffs were due to the conduct of defendants, acting individually, jointly and/or vicariously by and through their agents, servants and/or employees which reflect utter

38

indifference to the safety and well being of others and specifically the safety and well being of plaintiffs;

183.    That the aforesaid occurrence and resulting injuries to plaintiffs were due to the conduct of defendants, individually, jointly and/or vicariously by and through their agents, servants and/or employees which reflect conscious disregard for the safety and well being of others and specifically the safety and well being of plaintiffs;

184.    That the conduct of defendants acting individually, jointly and/or vicariously by and through their agents, servants and/or employees exhibited a reckless disregard for human life and the safety and well being of others and more particularly, for the life, safety and well being of plaintiffs;

185.    That the conduct of defendants, acting individually, jointly and/or vicariously by and through their agents, servants and/or employees exhibited such a wanton dishonesty as to imply a criminal indifference to the defendants' civil obligations as public servants;

186.    As a result of the acts stated above, plaintiffs have suffered serious physical and emotional harm in the form of personal injuries, great stress and anxiety, fear, a deprivation of liberty without probable cause, denial of substantive and procedural due process, invasion of privacy, mental distress, damage to character and reputation and plaintiff will continue to

suffer same in the future;

187.    As a result of the foregoing, plaintiffs have been damaged;

188.    As a result of the foregoing, defendants, including defendants, NICOLA MARTIN, FALARASHA JAMES-HAMMOND, "JANE" ESTRELLA, DETECTIVE "JANE" BROWN and "JOHN DOE 1-10," should be made to pay punitive damages to punish them for their wanton, reckless and malicious acts and thereby discourage these defendants and others from acting in a similar way in the future;

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgement be entered as follows:

(A)   Declaratory relief as follows:

1.          As to the first cause of action, a declaration that plaintiffs' substantive and procedural due process rights to live together as a family, free from governmental interference, as protected by the Fourth and Fourteenth amendments of the United States Constitution predicated upon the unlawful removal of the infant plaintiff from her mother, plaintiff, Veronica Johnson, was violated;

2.          As to the second cause of action, a declaration that plaintiff's right to be free from unreasonable searches and seizures under the Fourth and Fourteenth amendments to the United States Constitution predicated upon malicious prosecution by and through the initiation of the abuse and neglect petition without probable cause, was violated;

3.          As to the third cause of action, a declaration that plaintiff's right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United

40

States Constitution predicated upon malicious prosecution by and through the continuation of the abuse and neglect petition after recantation by defendant, Nichola Martin, was violated;

4.    As to the fourth cause of action, a declaration that plaintiffs' rights to be free from unreasonable search and seizure, as protected by the Fourth and Fourteenth Amendments of the United States Constitution predicated upon the unlawful removal of the infant plaintiff from her mother, plaintiff, Veronica Johnson, was violated;

5.    As to the fifth cause of action, a declaration that plaintiffs' substantive and procedural rights to live together as a family, free from governmental interference and free from unreasonable search and seizure, under the fourth, fifth and fourteenth amendments of the United States Constitution, predicated upon defendants' adoption and maintenance of unconstitutional customs, policies and practices, was violated (Monell Claim)

6.    As to the sixth cause of action, a declaration that plaintiffs' substantive and procedural due process rights to live together as a family, free from governmental interference, as protected by Article 1 of the New York State Constitution predicated upon the unlawful removal of the infant plaintiff from her mother, plaintiff, Veronica Johnson, was violated;

7.    As to the seventh cause of action, a declaration that plaintiff's right to be free from unreasonable searches and seizures under Article 1 of the New York State Constitution predicated upon malicious prosecution by and through the initiation of the abuse and neglect petition without probable cause, was violated;

8.    As to the eighth cause of action, a declaration that plaintiff's right to be free from unreasonable searches and seizures under Article 1 of the New York State Constitution predicated upon malicious prosecution by and through the continuation of the abuse and neglect petition after recantation by defendant, Nichola Martin,

41

was violated;

9.    As to the ninth cause of action, a declaration
      that plaintiff's right to be free from
      unreasonable searches and seizures under Article 1
      of the New York State Constitution predicated upon
      the unlawful removal of the infant plaintiff from
      her mother, plaintiff, Veronica Johnson, was
      violated;

(B)  As to the first through eighth causes of action,

     compensatory damages in an amount that exceeds the

     jurisdictional limits of all lower courts that would

     otherwise have jurisdiction;

(C)  As to the first through ninth causes of action,

     punitive damages in an amount to be fixed at trial but

     which exceeds the jurisdictional limits of all lower

     courts that would otherwise have jurisdiction, by

     reason of the wanton, willful and malicious character

     of the conduct complained of herein;

(D)  As to the first through ninth causes of action, an

     order expunging any record of the allegations of abuse,

     the prosecution for abuse and the removal of

     plaintiff's infant child to foster care that is

     maintained by the New York State Office of Children and

     Family Services, the New York City Administration for

     Children's Services and any other government agency

     that tracks this information;

(E)  As to the first through tenth causes of action, an

42

award to plaintiff of the costs and disbursements

herein;

(F)  As to the first through tenth causes of action, an

award of attorney's fees as provided under 42 U.S.C.

§1988 and applicable State Law; and

(A)  Such other and further relief as this Court may deem

just, proper and equitable

Dated:    Mineola, New York
          March 18, 2013

                          MARCHELOS LAW P.C.
                          Attorneys for Plaintiffs.


                 By: Steve Marchelos
                          87 Mineola Blvd.
                          Mineola, New York 11501
                          (516) 248-0202

43

## ATTORNEY VERIFICATION

Steve J Marchelos, an attorney duly admitted to practice law in the Courts of the State of New York affirms the following to be true under the penalties of perjury pursuant to CPLR 2106.

That affirmant is the attorney for the plaintiff in the action within; that affirmant has read the foregoing **COMPLAINT** and knows the contents thereof; that the contents are true to affirmant's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters affirmant believes them to be true; that the reason this verification is not made by plaintiff and is made by affirmant is that plaintiff is not presently in the county where the attorneys for the plaintiff have their office.

Affirmant further says that the source of deponent's information and the grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are from conversations with said plaintiff and investigations made by affirmant's office on behalf of said plaintiff.

Dated:    Mineola, New York
          March 18, 2013

_Steve J Marchelos_

Steve J Marchelos